**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**JEFFERY L. CARPENTER**                                                          **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 1:07CV-P14-R**

**JOHN MOTLEY, WARDEN**                                                          **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Jeffery L. Carpenter filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that the petition appeared to be time barred and directed Petitioner to show cause why the action should not be dismissed. On review of Petitioner's timely response in conjunction with the petition, the Court concludes that the § 2254 petition is time barred and must be denied.

### I. PROCEDURAL HISTORY

In July 1985, Petitioner pled guilty to a charge of burglary, third degree, in Logan Circuit Court. *See* No. 85-CR-050. His sentence was fixed at four years at that time, but he was not actually sentenced until July 13, 1989, at which time he was placed on probation for a five-year period. In 1989 and 1990, Petitioner was indicted on new charges (89-CR-094; 90-CR-011).[1] Consequently, on February 14, 1990, the Commonwealth filed a motion to revoke probation on 85-CR-050. On April 24, 1990, Petitioner's probation was revoked, and he was sentenced to four years.

---

[1] He was subsequently convicted on the new charges and sentenced to a total of forty years of imprisonment.

On February 15, 2002, Petitioner filed a state petition for writ of habeas corpus in the Morgan Circuit Court alleging that his sentence in 85-CR-050 was void. *See* No. 02-CI-0042. The circuit court denied the petition on March 15, 2002; the Kentucky Court of Appeals affirmed the decision on May 17, 2002, *see* No. 02-CA-0596; and the Kentucky Supreme Court denied a motion for discretionary review on May 15, 2003. *See* 02-SC-0431.

In Logan Circuit Court on February 19, 2002, Petitioner filed a Kentucky Rule of Civil Procedure (CR) 60.02 motion to set aside his judgment of conviction in 85-CR-050. The circuit court denied the motion by order entered March 14, 2002. There is no indication in the record that Petitioner ever appealed that order.

Thereafter, on May 28, 2003, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Kentucky. *See Carpenter v. Motley*, Civil Action No. 3:03CV-29-JMH. In that petition, Petitioner challenged, in part, the imposition of his sentence under 85-CR-050. By order entered September 15, 2003, the court denied the petition for failure to exhaust available state court remedies and dismissed the action without prejudice.[2]

On January 26, 2004, Petitioner filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion to vacate sentence in Logan Circuit Court. On May 3, 2004, the circuit court summarily denied the motion. Petitioner filed an appeal to the Kentucky Court of Appeals, which affirmed the trial court by order entered December 1, 2006. The court of appeals found

---

[2]Petitioner has filed several § 2254 petitions in the past in this Court. Those petitions, however, challenged other criminal charges, not 85-CR-050, which is the subject of the instant petition.

Petitioner's RCr 11.42 motion to be time barred. *See* No. 2006-CA-0028. There is no indication in the record that Petitioner sought further review in the Kentucky Supreme Court.

Petitioner filed the instant petition on January 7, 2007,[3] in the Eastern District of Kentucky. Because Petitioner is challenging a Logan Circuit Court conviction and sentence, the Eastern District of Kentucky transferred the action to this Court for further consideration. In the petition, Petitioner alleges that the Logan Circuit Court judgment in 85-CR-050 is void due to an untimely sentencing.

## II. ANALYSIS

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[3]"Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Petitioner declares under penalty of perjury that he placed his petition in the prison mailing system on January 7, 2007.

3

>by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Petitioner did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction thus became final on May 4, 1990, ten days after the trial court entered the judgment of conviction. *See* RCr 12.04 (1981); *Commonwealth v. Opell*, 3. S.W.3d 747, 750 n.2 (Ky. App. 1999) ("RCr 12.04 was amended effective January 1, 1999, to allow 30 days for taking an appeal.").

Because Petitioner's conviction became final prior to the passage of the AEDPA on April 24, 1996, "he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)). "The one-year period of limitations is tolled by the amount of time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d at 640 (quoting 28 U.S.C. § 2244(d)(2)).

Neither the instant § 2254 petition nor any state post-conviction motions were filed or pending during the one-year grace period from April 24, 1996, to April 24, 1997. Petitioner's

filing of a state petition for writ of habeas corpus in February 2002 (or the subsequent filing of his CR 60.02 and RCr 11.42 motions) did not restart the one-year statute of limitations for filing his federal habeas petition. *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) ("A state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.") (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).[4]  Thus, the petition is untimely under the statute.

Because § 2254's one-year statute of limitations is not jurisdictional, however, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming, without deciding, the application of equitable tolling for the purposes of that case). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v.*

---

[4]As the district court observed:

> The tolling provisions of 28 U.S.C. § 2244(d)(2) do not re-start or revive the one year limitations period anew after there is a final decision on a state post-conviction motion. Instead, this section merely excludes the time a collateral attack is under submission to the state courts from the calculation of the one year statute of limitations period.  If the one year limitations period has already expired, filing another motion for state post-conviction relief will not add new time to the limitations period.  A contrary interpretation of § 2244(d)(2) would allow a prisoner to avoid the effect of the AEDPA's one year statute of limitations through the device of bringing a belated state collateral attack.  Once the limitations period has fully run, a new application for post-conviction review in the state courts of claims which could have been raised before the limitations period had run does not reset or restart the limitations period.

*Smith*, 141 F. Supp. 2d at 783 (citations and footnote omitted).

*Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Here, in neither the petition nor the response to the Court's Order to Show Cause does Petitioner describe any extraordinary circumstance that stood in his way of timely filing the instant petition. Further, by waiting over ten years after his sentencing in Indictment No. 85-CR-050 to file any state post-conviction actions and by waiting over sixteen years to file the instant habeas petition, he clearly fails to demonstrate that he has been pursuing his rights diligently.

In Petitioner's response, he argues that "his sole issue concerns sentencing and is Jurisdictional and This Jurisdictional error in sentencing cannot be waived." The Court presumes he is arguing that since a jurisdictional error in sentencing cannot be waived that the jurisdictional issue can be raised at any time, thereby circumventing the one-year limitations period under AEDPA. In *Griffin v. Padula*, -- F. Supp. 2d --, 2007 WL 2021873, at *5 (D.S.C. July 6, 2007), a sister court rejected this very argument. It explained,

> While a federal court is obligated to raise questions concerning its own subject matter jurisdiction *sua sponte* in all cases, *Boone v. Sec'y, Dep't of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004), this principle does not extend to *sua sponte* examination of a state court's subject matter jurisdiction by a federal court. Whether a state court has subject matter jurisdiction over an offense is a question of state law. *U.S. ex. rel. Flowers v. Rundle*, 314 F. Supp. 793, 794 (E.D. Pa. 1970). Thus, this court does not review determinations of state law made by South Carolina courts. *See Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984) ("A federal court may not issue a writ [of habeas corpus] on the basis of a perceived error of state law."). Griffin argues the state court lacked subject matter jurisdiction in an attempt to avoid the time limitations of the AEDPA. However, since "[t]here is no exception under the AEDPA for subject matter jurisdiction claims, and petitioner does not assert any facts that would allow his claim to go forward under the limited exceptions to the AEDPA," the court finds that Griffin's habeas petition is untimely and must be dismissed. *Moore v. Ozmint*, No. 8:06-0990-GRABHH, 2006 WL 2873620, at *1 (D.S.C. Oct. 4, 2006).

*Griffin*, 2007 WL 2021873, at *5. This Court finds this argument persuasive. Because the AEDPA does not extend the time limit for raising state jurisdictional claims and since Petitioner has offered no argument warranting equitable tolling, the § 2254 petition is untimely and must be denied. For this reason, the action must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner, *pro se*
 Respondent
 Kentucky Attorney General, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005